# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**　　　　　　　　　　　　　　　　　　**CASE NO: 6:14-cr-243-Orl-28KRS**

**JOHN ANDERSON BUTLER, JR.**

## AMENDED ORDER[1]

Defendant's Emergency Motion to Reduce Sentence (Doc. 106) is before the Court for consideration. The Government filed a response. (Doc. 108). Defendant asks this Court to reduce his sentence to time served with a condition of home confinement on supervised release "to protect himself from the spread of the novel coronavirus 2019 ('Covid-19')" as he has underlying health problems that place him in the "high-risk category".[2] (Doc. 106). Because Defendant cannot demonstrate extraordinary and compelling reasons warranting release, the motion is due to be denied.

Defendant pled to, and was sentenced for, conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 290 grams or more of cocaine in violation of 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(A) in this case. But this

---

[1] Amended to correct two typographical errors on page 6.

[2] Defendant argues that a reduction in sentence to time-served with a condition of home confinement on supervised release "will effectively allow him to finish the remaining portion of his prison sentence on home confinement." (*Id.*). That is incorrect. Defendant's projected release date is July 11, 2027. (Docs. 106, 108). Reducing his imprisonment to time served now would reduce his sentence by 7 years. Even if the Court was inclined to order home confinement as a special condition of supervised release, which it is not, there would be no remaining portion of his prison sentence to finish. Further, home confinement is a matter of place for the sentence imposed. The Court already decided the place of Defendant's sentence and it did not include home confinement.

was only the latest of his criminal acts. According to the Presentence Investigation Report ("PSR") prepared in this case (Doc. 65), in February 1983 at age 23, in Volusia County, Florida, the state court fined Defendant $50.00 for gambling; in October 1983, the same court found Defendant guilty of possession of cannabis and disorderly conduct. At age 27, also in Volusia County, a state judge adjudicated Defendant guilty for improper exhibition of a firearm and resisting an officer without violence, with a $100.00 fine or 5 days jail time on each count. Later that year, again in Volusia County, adjudication was withheld on an aggravated assault charge with a sentence of 30 days jail. At age 28, the state court withheld adjudication and imposed a fine of $100.00 on Defendant for possession of marijuana. (Volusia County). At age 29, in St. Lucie County, Florida, a state judge sentenced Defendant to state prison for 5 years with 10 years of probation for trafficking in cocaine and possession of narcotics paraphernalia. At age 32, a state judge adjudicated Defendant guilty of possession of cocaine and marijuana under 20 grams and sentenced him to 4 years of probation. (Volusia County). At age 37, a federal judge adjudicated Defendant guilty of possession with intent to distribute cocaine base and sentenced him to 100 months of imprisonment (subsequently reduced to 92 months) with 5 years of supervised release. (Case No. 6:96-cr-9, Middle District of Florida).This offense revoked his probation in the St. Lucie County case and the last Volusia County case. For these violations he received 6 years prison time to run consecutive to any active sentence (St Lucie case) and 290 days/time served (Volusia case).

While on supervised release in 2004, at age 44, he was arrested for possession of cocaine, resulting in an adjudication of guilt for possession with intent to distribute in excess of 500 grams of cocaine in case no. 6:04-cr-202 in this Court. The Court sentenced

Defendant to 120 months (later reduced to 96 months) with 5 years of supervised release. The 120 months were to run concurrently with the sentence imposed for Defendant's violation of supervised release in case no. 6:96-cr-9. In that case, the Court revoked Defendant's supervised release and sentenced him to 41 months for his violation. Released from prison on November 4, 2011, Defendant again reoffended, resulting in his conviction in this case. At age 54, after a plea, this Court sentenced Defendant to 180 months with 10 years of supervised release.[3] He is now 60 years old.

The Court first considers whether Defendant has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant claims he asked the Bureau of Prisons ("BOP") for relief and 30 days have expired with no word from the BOP on his request. (Doc. 106). A copy of his request is attached to his Motion. (Exhibit B). The Government does not dispute this in their Response. Because the BOP did not respond to Defendant's request within 30 days, Defendant has properly exhausted his administrative remedies and can request a modification of his sentence directly from the Court. 18 U.S.C. §3582(c)(1)(A).

---

[3] Per the Government's response in case no. 6:04-cr-202, "[a]s a result of the length of Defendant's subsequent sentence, no petition to revoke supervised release was filed by the U.S. Probation Office and Defendant's supervised release in this case was terminated on November 3, 2016." (Doc. 44).

Defendant, however, cannot demonstrate "extraordinary and compelling reasons" warranting release. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Even when an extraordinary and compelling reason exists, this Court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public. U.S.S.G. §1B1.13(2). And this Court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

The COVID-19 pandemic does not fall into any of the above categories. The categories are as to serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 2020 WL 1647922 at *2; *see also United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying compassionate release because BOP's proposed plan adequately addresses the COVID-19 pandemic).[4]

---

[4] *See also, e.g., United States v. Coles*, No. 18-cr-20254, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, No. 17-CR-00533 (CBA), 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, No. 16-CR-167 (LAP), 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomas*, No. 18-cr-579 (JSR), 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have

"It is a rare case in which health conditions present an 'exceptional reason'" to allow for release where detention otherwise would be warranted. *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (considering pretrial detention). Defendant asserts that he suffers from hypertension, high blood pressure, and is a survivor of heart attacks (and has a "history of cardiovascular issues") (Doc. 106), and these ailments make him more vulnerable to becoming seriously ill should he contract COVID-19. The PSR reflects only one of these ailments at the time it was prepared. (March 20, 2015). It reflects high blood pressure and Defendant's *belief* that he had heart problems. (Doc. 65). Defendant provides no proof of any kind of heart attacks or a long history of cardiovascular issues. Defendant's medical records from the BOP confirm "unspecified essential" hypertension which is high blood pressure. (Doc. 108). He takes daily medication for this. (*Id.*). The Government also reports he has complained about chest pains and may have had a heart attack in the past but has had none since being sentenced in this case. (*Id.*). As noted in the PSR, Defendant only believed he had heart problems – there was no documentation of a heart attack. (Doc. 65). The Government also reports that although Defendant did not mention any other ailment, the BOP medical records show he has Type 2 diabetes, for which he also gets

---

no risk factors); *United States v. Korn*, No. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, No. 4:19-cr-06044-SMJ, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

5

medicine. (Doc. 108).

Although high blood pressure and diabetes have been identified by the CDC as factors increasing a person's risk for developing serious illness from COVID-19, Defendant has not identified a medical condition that falls within one of the categories specified in the Sentencing Commission's policy statement's application note.[5] He has not contracted Covid-19 and the statistics at FCI Talladega, where Defendant is housed, show a low incidence of the Covid-19, with 3 inmates and 2 staff members infected. (Doc. 108).

Moreover, Defendant poses a danger to public safety if released. Although he claims in his motion "[w]hatever punishment the Court intended for the Defendant has been learned a hundredfold," (Doc. 106 at 6) his history dictates otherwise. "Consider the past and you shall know the future." (Chinese proverb). Released three times to supervised release or probation from three different cases involving cocaine, he violated all three with more possession of cocaine.

Accordingly, having considered the above and the relevant factors of 18 U.S.C. §3553(a), Defendant's Emergency Motion to Reduce Sentence is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2020.

JOHN ANTOON II
United States District Judge

---

[5] There is some support that courts have discretion to grant compassionate release on grounds that are not specifically enumerated in Application Note 1 to U.S.S.G. §1B1.13 under the residual category of "other reasons." *See United States v. Pinto-Thomas*, No. 18-cr-579(JSR), 2020 WL 1845875, at *2 ( S.D.N.Y. Apr. 13, 2020). This Court need not address this issue here as Defendant has not asserted any ground that qualifies as "extraordinary and compelling" to grant him relief.

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant