# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:14-cr-243-Orl-28KRS

**JOHN ANDERSON BUTLER, JR.**

### ORDER

Defendant John Butler's Renewed Emergency Motion for Compassionate Release (Doc. 111) is before the Court for consideration.[1] The Government opposes the requested relief. (Doc. 114).[2] Because Defendant still cannot show extraordinary and compelling reasons and poses a danger to public safety, his motion is due to be denied.

Defendant's renewed motion, save for new information regarding recent heart issues and a renewed request to the warden for compassionate release, asks for the same relief set forth in his first emergency motion for compassionate release. (Doc. 106). To the extent Defendant asks this Court to reconsider its earlier denial of his emergency motion for compassionate release (Doc. 110), his request is denied.

---

[1] Defendant was previously represented by attorney O'Brien in his first emergency motion for compassionate release. Defendant filed a "Notice of Appearance" simultaneously with the instant motion indicating he relieves attorney O'Brien from further representation and he is representing himself. (Doc. 112).

[2] Defendant filed a reply to the Government's response. (Doc. 115). Defendant did not seek, and the Court did not grant, leave to file a reply. The Court has reviewed the reply. Defendant focuses on, among other things, his co-defendant, Victor Rhynes, having been released to a residential facility. This Court denied Mr. Rhynes' motion for modification of his term of imprisonment. (Doc. 105). The Bureau of Prisons released Mr. Rhynes to a residential facility. (BOP Inmate Locator).

Defendant argues his health issues combined with the Covid-19 pandemic, the conditions at FCI Talladega, and the 18 U.S.C. § 3553(a) factors, warrant release to time-served. While the Court is empathetic to the dangers posed by the Covid-19 pandemic, it is a generalized threat to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2020). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c). Under §3582(c)(1)(A), the Court can modify a sentence if it finds (i) extraordinary and compelling reasons that warrant a reduction; or (ii) the defendant is at least 70 years old, has served at least 30 years, and the Director of the Bureau of Prisons has determined that the defendant is not a danger to the safety of any other person or the community; and any reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Even when an extraordinary and compelling reason exists, however, this Court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public.

U.S.S.G. §1B1.13(2). And this Court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

The Court acknowledges that Defendant's heart issues and type 2 diabetes increase his risk of serious illness if infected with Covid-19. However, Defendant does not have a terminal illness and can provide self-care. "[G]eneral concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith,* No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020). Defendant cannot currently show extraordinary and compelling circumstances. Even if Defendant could present extraordinary and compelling circumstances, his request cannot be granted because he is a danger to the safety of others.

The Court is required to determine if there are conditions of release that will assure the safety of other persons. U.S.S.G. § 1B1.13(2). To make this determination, the Court considers the factors in 18 U.S.C. § 3142(g). This includes, *inter alia*, whether the crime involved a controlled substance, the past conduct of the Defendant, the Defendant's criminal history, and whether, at the time of the current offense, Defendant was on probation or parole. 18 U.S.C. § 3142(g)(1)(3). As stated in the earlier order denying Defendant compassionate release (Doc. 110), Defendant has a long criminal history, including several convictions for possession of controlled substances. In this case, Defendant pled to, and was sentenced for, conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 290 grams or more of cocaine in violation of 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(A). Defendant's criminal history reveals he was placed on probation for one or more cases and on supervised release on

3

others. (Doc. 65). In each case, he violated the terms of his supervision by possession of cocaine, including the offense for which he is currently incarcerated.

At sentencing, Defendant faced a sentencing guideline range of 262-327 months based on his total offense level and criminal history category. (Docs. 66, 84). In granting the Government's motion for a three-level departure under U.S.S.G. § 5K1.1 and considering all of the 18 U.S.C. § 3553 factors, the Court imposed a sentence of 180 months. Thus, Defendant's sentence reflects a downward variance of over 6 years. Defendant has more than 79 months left until his projected release date. (Doc. 114).

The Court has considered the 18 U.S.C. § 3553(a) factors and find they weigh against release. And, because the Court finds Defendant is a danger to the safety of other persons or to the community, a sentencing reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant's Renewed Emergency Motion for Compassionate Release (Doc. 111) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant
John Anderson Butler, Jr.